Filed 5/11/23  Schmid v. Two Rock Volunteer Fire Dept. CA1/5

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

|  |  |
|---|---|
| FREAR STEPHEN SCHMID et al. , Plaintiffs and Appellants, v. TWO ROCK VOLUNTEER FIRE DEPARTMENT, INC., Defendant and Respondent. | A164620 (Sonoma Super. Ct. No. SCV266225) |

Frear Stephen Schmid and Astrid Schmid appeal an order modifying a preliminary injunction that imposed various restrictions on a fire department's use of a garage housing its fire trucks and related equipment.  The Schmids, whose rural property abuts the garage, correctly contend a then-pending appeal from the preliminary injunction had divested the trial court of fundamental jurisdiction when it issued the modification order.  The order is therefore void and must be reversed.

## BACKGROUND

The Schmids sued the Two Rock Volunteer Fire Department for declarative and injunctive relief, alleging among other things that its newly constructed garage violated local code provisions and zoning ordinances and that the use permit for the facility was null and void.  In August 2021, the trial court partially granted the Schmids' motion for a preliminary

1

injunction, limiting the department's activities at the garage and circumscribing its use of a propane tank and heater, external lighting, and a mobile generator pending resolution of the litigation.

The department did two things: it moved for reconsideration in the trial court, and it appealed the preliminary injunction in *Two Rock Volunteer Fire Department v. Schmid et al.,* No. A163534. The record in appeal No. A163534 was filed in this court on October 12, 2021.

The trial court heard argument on the motion for reconsideration on February 9, 2022. In response to concerns about the superior court's jurisdiction over the matter while the appeal was pending, the department stated in open court that it was abandoning the appeal. On February 14, 2022, it attempted to abandon the appeal by filing a form in the superior court.

Three days later, the trial court issued an order granting reconsideration and modifying the preliminary injunction by lifting various restrictions on lighting, parking, and heating at the garage. The Schmids filed the instant appeal from that order. Then, on April 11, 2022, the department filed a request in this court to dismiss its appeal from the preliminary injunction. On receipt of the request we dismissed the appeal and issued the remittitur the same day. (See Cal. Rules of Court, rule 8.244(c)(2).)[1]

## DISCUSSION

While the Schmids challenge the order granting the motion for reconsideration on several grounds, we need only reach the first: it is void for lack of jurisdiction.

---

[1] Unspecified citations to rules are to the California Rules of Court.

2

Once an appeal is filed, the trial court loses subject matter jurisdiction over any matter embraced in or affected by it. (*Varian Medical Systems, Inc. v. Delfino* (2005) 35 Cal.4th 180, 196-198 (*Varian*).) A trial court proceeding that seeks to modify an appealed order, as here, is " 'embraced' " or " 'affected by' " the appeal. (*Id.* at pp. 189-190.) Accordingly, while the appeal is pending the trial court has no power to modify the order, and such an order issued during that period is void. (*Id.* at pp. 196-198; Code Civ. Proc., § 916, subd. (a).)

The department does not dispute this principle, but contends superior court jurisdiction was restored when it abandoned its appeal from the preliminary injunction on February 14, 2022, three days before the trial court ruled on its reconsideration motion. It is mistaken. The filing of an abandonment of appeal in the trial court effects a dismissal of the appeal and restores the lower court's jurisdiction if the abandonment is served and filed before the appellate record is filed. (Rule 8.244(b).) Here, however, the appellate record had been filed in October 2021, some four months before the department filed an abandonment of appeal in the trial court. That being so, to restore the trial court's jurisdiction over the matter the department was required to file a request for dismissal *in the appellate court*. (Rule 8.244(c)(1).) Indeed, the abandonment form the department filed in the trial court explains that "[i]f the record has already been filed in the Court of Appeal, you cannot use this form; you must file a request for dismissal in the Court of Appeal." (Bold omitted.) The department did not do that until two months after the trial court had granted its motion for reconsideration. While the mistake may seem like a technicality, the courts rely on parties to file the correct forms in the correct courts, according to the rules.

The result is inescapable: the order granting reconsideration was issued while the department's appeal from

the preliminary injunction was pending in this court. Accordingly, it is void for lack of fundamental jurisdiction. (*Varian, supra,* 35 Cal.4th at pp. 196-198; *Waremart Foods v. United Food & Commercial Workers Union* (2001) 87 Cal.App.4th 145, 154 [no jurisdiction to modify preliminary injunction during pendency of appeal]; *Environmental Coalition of Orange County, Inc. v. AVCO Community Developers, Inc.* (1974) 40 Cal.App.3d 513, 525-526 [same].)  The error requires reversal, so we will not consider the Schmids' further contentions that the modification order improperly allowed the department to engage in " 'criminally proscribed' " conduct and was unjustified by changed circumstances or to serve the ends of justice.  (See Code Civ. Proc., § 533.)

## DISPOSITION

The order is reversed.  The Schmids are entitled to costs on appeal.  (Rules 8.278(a)(1), 8.278(a)(2).)

_____
BURNS, J.

We concur:

_____
JACKSON, P.J.

_____
SIMONS, J.

A164620